UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-12028-RGS

JIN YI

v.

HUANG ZHENGYU and MAHER ELMASI

MEMORANDUM AND ORDER

July 22, 2025

STEARNS, D.J.

For the reasons stated below, this action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

BACKGROUND

On July 18, 2025, plaintiff Jin Yi, a resident of Acton, Massachusetts, filed a complaint asserting this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Named as defendants are Maher Elmasi, a resident of Jacksonville, Florida, and plaintiff's husband, Huang Zhengyu, residing at the same Acton address as plaintiff.

With the complaint, plaintiff filed a motion for permission for electronic filing [ECF No. 3] and a motion for leave to proceed *in forma pauperis*. [ECF No. 4].

PRELIMINARY SCREENING

The Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case.").

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gun v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The existence of subject-matter jurisdiction 'is never presumed,'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)), and federal courts "have a duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress." *Esquilín-Mendoza v. Don King Prods., Inc.*, 638 F.3d 1, 3 (1st Cir. 2011). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Calderon–Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

The court's subject matter jurisdiction "must be apparent from the face of the plaintiffs' pleading." *Viqueira*, 140 F.3d at 16. The court "must resolve questions pertaining to its subject-matter jurisdiction before it may address the merits of a case." *Donahue v. Boston*, 304 F.3d 110, 117 (1st Cir. 2002) (citation omitted). "'[T]he party invoking the jurisdiction of a federal court

carries the burden of proving its existence.'" *Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (citation omitted).

Congress has given the federal courts jurisdiction over cases where the cause of action arises under federal law, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"). For diversity jurisdiction, the parties must have "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). That is to say, "diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." *Alvarez-Torres v. Ryder Mem'l Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009).

## DISCUSSION

Given the fact that the plaintiff and defendant Huang both reside in Massachusetts, this court is without diversity jurisdiction pursuant to 28 U.S.C. § 1332. Further, the complaint does not allege federal question subject matter jurisdiction under § 1331. Thus, this court is without jurisdiction.

Even if jurisdiction existed, any claims that plaintiff may be seeking to raise in the instant complaint are barred by the doctrine of *res judicata* or

claim preclusion.[1] Plaintiff previously brought suit against the defendants in 2023. *See Yi v Huang, et al.*, No. 23-12618-MJJ (D. Mass. May 1, 2024 (granting motions to dismiss); *Yi v Elmasri*, No. 23-11752-PBS (D. Mass. Mar. 18, 2024) (granting motion to dismiss). The doctrine of claim preclusion prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

Here, the elements of claim preclusion are satisfied. Because plaintiff's present claims arise out of the same transactions and occurrences that were the subject of her previous actions in this court, these claims are barred by the doctrine of claim preclusion.

### ORDER

For the foregoing reasons, it is hereby ordered that this action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction. The Clerk shall terminate the pending motions and enter a separate order of dismissal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[1] "*Res judicata*" is sometimes used to refer to both issue preclusion and claim preclusion. *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021).